IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Cr. No. 03-60056-HO |
| | ) | Civ. No. 05-6139-HO |
| v. | ) | ORDER |
| SHAWN JEFFREY CONNELLY, | ) | |
| Defendant. | ) | |

Defendant pleaded guilty to one count of bank robbery on January 13, 2004. On May 11, 2004, the court sentenced defendant to a 92 month term of imprisonment followed by a three year term of supervised release. On May 9, 2005, defendant filed a motion to vacate or correct sentence pursuant to 28 U.S.C. 2255 alleging two grounds for relief:

1. Defendant's plea was involuntarily and obtained in violation of Rule 11(c)(1); and

2. Ineffective assistance of counsel.

Defendant contends that the court and counsel failed to inform him of sentencing enhancements as "elements" of the crime and to apply the proper standards to the sentencing enhancements. Defendant's argument demonstrates that his grounds for relief are based on the recent Supreme Court cases of Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005).

Blakely and Booker do not apply retroactively to cases on collateral review. See, e.g., Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005). Moreover, defense counsel's failure to predict Blakely does not constitute ineffective assistance of counsel. Under the Strickland standard, a lawyer cannot be required to anticipate decisions in a later case, because his conduct must be evaluated for purposes of the performance standard "as of the time of counsel's conduct." Strickland, 466 U.S. at 690. Accordingly, defendant's petition must be denied.

## CONCLUSION

For the reasons stated above, defendant's motion for relief pursuant to 28 U.S.C. § 2255 (#42) is denied and this proceeding is dismissed.

DATED this _16th_ day of August, 2005.

_____
United States District Judge